MARK A. KLAASSEN, United States Attorney
JEREMY A. GROSS (WY Bar #7-5110)
Assistant United States Attorney
United States Attorney's Office
P.O. Box 668
Cheyenne, WY 82003-0668
Tel: 307-772-2124
jeremy.gross@usdoj.gov

KATE S. O'SCANNLAIN, Solicitor of Labor
CONNIE M. ACKERMANN, Acting Regional Solicitor
JOHN RAINWATER, Associate Regional Solicitor
LYDIA TZAGOLOFF, Counsel for Wage & Hour
SUMMER SILVERSMITH, Trial Attorney *(Pro hac vice motion pending)*
1244 Speer Blvd, Ste. 515
Denver, CO 80204
Tel: 303.844.5426

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2019 JUL 29 PM 2:40
STEPHAN HARRIS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| Patrick Pizzella, Acting Secretary of Labor, U.S. Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>Kanav Motels, LLC dba Motel 6 of Riverton WY #4444, Kavish Motels Inc. dba Super 8 Motel Riverton WY, Parul Patel, and Sunil Patel,<br><br>Defendants. | **COMPLAINT**<br><br>Case No. 19cv158-F |

**COMPLAINT**

Patrick Pizzella, Acting Secretary of Labor for the United States Department of Labor (the "Secretary"), files this Complaint under the Fair Labor Standards Act of 1938, as amended, 29

1

U.S.C. § 201 et seq. ("FLSA" or "the Act"). The Secretary seeks to: (1) enjoin Defendants from violating the provisions of sections 6, 7, 11, 15(a)(2) and 15(a)(5) of the Act; (2) restrain Defendants from withholding payment of minimum wage and overtime compensation owed under the Act to employees who are named in the attached Exhibit A, for the period of time between September 6, 2018 and September 6, 2018; and (3) recover the amount of unpaid minimum wages and overtime compensation together with an equal additional amount as liquidated damages. In support thereof, the Secretary states as follows:

## THE PARTIES

1. The Secretary is authorized to enforce the provisions of the FLSA, to recover back wages and liquidated damages, and to seek injunctive relief on behalf of employees employed in violation of the FLSA's minimum wage, overtime and record keeping provisions. 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2), 215(a)(5), 216(c), and 217.

2. Kanav Motels, LLC dba Motel 6 of Riverton WY #4444 ("Motel 6 Riverton"), is a Wyoming corporation with its principal place of business in Riverton, WY, and at all times relevant to this Complaint, has been engaged in business in Wyoming providing lodging to the public.

3. Kavish Motels Inc. dba Super 8 Motel Riverton WY ("Super 8 Riverton"), is a Wyoming corporation with its principal place of business in Riverton, WY, and at all times relevant to this Complaint, has been engaged in business in Wyoming providing lodging to the public.

4. Parul Patel is an individual residing in Wyoming. At all relevant times herein, she has been an owner, officer and operator of Defendants Motel 6 Riverton and Super 8 Riverton. She acted directly or indirectly in the interest of the corporate Defendants in relation to their employees by setting policies and procedures, making hiring, firing, discipline and compensation

decisions, and managing the day-to-day operations of the company. Parul Patel is an employer as defined in §3(d) of the FLSA, 29 U.S.C. § 203(d).

5. Sunil Patel is an individual residing in Wyoming. At all relevant times herein, he has been an owner, officer and operator of Defendants Motel 6 Riverton and Super 8 Riverton. He acted directly or indirectly in the interest of the corporate Defendants in relation to their employees by setting policies and procedures, making hiring, firing, discipline and compensation decisions, and managing the day-to-day operations of the company. Sunil Patel is an employer as defined in §3(d) of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this action pursuant to sections 16 and 17 of the FLSA, 29 U.S.C. §§ 216 and 217, and by 28 U.S.C. § 1331 (federal question) and § 1345 (United States as Plaintiff).

7. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 insofar as the subject events or omissions occurred in this Judicial District, the corporate Defendants Motel 6 Riverton and Super 8 Riverton have their principal place of business in this Judicial District, and the individual Defendants Parul Patel and Sunil Patel reside in this Judicial District.

## FLSA STATUTORY COVERAGE

8. At all relevant times herein, Defendants have been an "enterprise" within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r), in that the activities of Defendants have constituted related activities performed through unified operation or common control for a common business purpose.

9. At all relevant times herein, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act, 29

U.S.C. § 203(s)(1)(A), in that they have employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that they have an annual gross volume of sales made or business done of not less than $500,000.

## MINIMUM WAGE VIOLATIONS

10. For the period September 6, 2015 through September 6, 2018, Defendants willfully violated the provisions of sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206, 215(a)(2), by failing to pay certain of their employees at least $7.25 per hour.

11. Specifically, Defendants paid certain of their employees a weekly rate and/or a flat rate per shift that, when divided by the number of hours the employees worked, fell short of the required minimum hourly wage.

## OVERTIME VIOLATIONS

12. For the period September 6, 2015 through September 6, 2018, Defendants willfully violated the provisions of sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207, 215(a)(2), by employing certain of their employees in excess of forty hours per week without compensating said employees one-and-one-half their regular hourly rates for hours over forty in such workweeks.

13. Specifically, Defendants paid certain of their employees a weekly rate and/or a flat rate per shift that did not provide for compensation at one-and-one-half times the employees' regular hourly rates for hours over forty in a workweek.

14. The violations set forth at paragraphs 10-14 are willful. Defendants' actions, practices, concerted efforts to conceal the violations, and false statements to Department of Labor

investigators, despite Defendants' history with the Department of Labor, show that they were aware of their obligation to comply with wage laws.

## **RECORDKEEPING VIOLATIONS**

15. Defendants violated the provisions of sections 11(c) and 15(a)(5) of the FLSA in that they failed to make, keep, and preserve accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found in 29 C.F.R. Part 516.

16. Specifically, Defendants failed to record accurately the regular rates of employees in pay periods in which hours were worked in excess of 40 in a workweek. Defendants also failed to record accurately the hours worked each week by their employees.

## **PRAYER FOR RELIEF**

17. As a result of the violations alleged above, Defendants owe unpaid minimum wages and overtime compensation to their employees named on Exhibit A (attached hereto and incorporated herein) for the period of September 6, 2015 through September 6, 2018.

18. Defendants have violated the FLSA. An order enjoining the alleged violations and restraining the withholding of unpaid minimum wages and overtime compensation found to be due the employees is specifically authorized by section 17 of the FLSA, 29 U.S.C. § 217. In addition, a judgment for liquidated damages, in an amount equal to the unpaid minimum wages and overtime compensation, is specifically authorized by section 16 of the FLSA, 29 U.S.C. § 216(c).

**WHEREFORE**, cause having been shown, the Secretary prays for judgment against Defendants as follows:

1. For an order pursuant to section 17 of the FLSA permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or

participation with Defendants, from violating sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act;

2. For an order pursuant to section 16(c) of the FLSA finding Defendants liable for unpaid minimum wages and overtime compensation due to Defendants' employees for the period of September 6, 2015 through September 6, 2018, and for liquidated damages equal in amount to the unpaid compensation found due Defendants' employees listed on Exhibit A;

3. In the event liquidated damages are not awarded, for an order pursuant to section 17 of the FLSA enjoining and restraining Defendants from withholding payment of unpaid minimum wages and overtime compensation found due Defendants' employees listed on Exhibit A, and for additional compensation that may be owed to employees presently unknown to the Secretary for the period covered by this complaint, and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C § 6621;

4. A monetary award to the Secretary for the costs of this action; and

5. Such other and further relief as this Court deems just and appropriate.

Dated this 29th day of July, 2019.

        Respectfully submitted,

        KATE S. O'SCANNLAIN
        Solicitor of Labor
        CONNIE M. ACKERMANN
        Acting Regional Solicitor
        JOHN RAINWATER
        Associate Regional Solicitor
        LYDIA TZAGOLOFF
        Counsel for Wage and Hour
        SUMMER SILVERSMITH
        Trial Attorney
        *(Pro hac vice motion pending)*
        U.S. DEPARTMENT OF LABOR


        United States Department of Labor
        Office of the Solicitor
        1244 Speer Boulevard, Suite 515
        Denver, Colorado 80204-3516
        Tel. (303) 844-5246
        Fax (303) 844-1753
        silversmith.summer@dol.gov


        MARK A. KLAASSEN
        United States Attorney

        */s/ Jeremy A. Gross*
        JEREMY A. GROSS
        Assistant United States Attorney
        U.S. DEPARTMENT OF JUSTICE

## Exhibit A

**Employee Name**

Grace Bemus

Leanne Biggerstaff

Cassie Simmons