FILED

1:07 pm, 8/20/19
Stephan Harris
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| Patrick Pizzella, Acting Secretary of Labor, U.S. Department of Labor,<br><br>　　　Plaintiff,<br><br>v.<br><br>Kanav Motels, LLC dba Motel 6 of Riverton WY #4444, Kavish Motels Inc. dba Super 8 Motel Riverton WY, Parul Patel, and Sunil Patel,<br><br>　　　Defendants. | Case No. 19-cv-158-F |

## CONSENT JUDGMENT AND INJUNCTION

Plaintiff Patrick Pizzella, Acting Secretary of Labor for the U.S. Department of Labor (the "Secretary"), has filed his complaint against defendants Kanav Motels, LLC dba Motel 6 of Riverton WY #4444, Kavish Motels Inc. dba Super 8 Motel Riverton WY, Parul Patel, and Sunil Patel ("Defendants"). Defendants appeared by counsel, neither admit nor deny the complaint's allegations, waive their answer, and agree to the entry of this judgment without contest. By executing this Consent Judgment and Injunction ("Judgment"), Defendants waive formal service of process of the summons and complaint in this matter.

Defendants acknowledge that they will be subject to sanctions in contempt of this Court if they fail to comply with the provisions of this Judgment. It is therefore, upon motion of the attorneys for Plaintiff and for cause shown ORDERED that:

1

I.      Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of this injunction be, and each of them hereby is, permanently enjoined and restrained from violating the provisions of §§ 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA" or "the Act") in any of the following manners:

1. Defendants shall not, contrary to Sections 6 and 15(a)(2) of the Act, pay any of their employees, who in any workweek are engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at a rate less than $7.25 per hour (or at a rate less than such other applicable minimum rate as may hereafter be established by amendment to the Act);

2. Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any non-exempt employees in commerce or in the production of goods for commerce or in an enterprise engaged in commerce or the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours without compensating such non-exempt employees for their employment in excess of forty hours per workweek at rates not less than one-and-one-half times the regular hourly rates at which they are employed.

3. Defendants shall not, contrary to sections 11(c) and 15(a)(5) of the Act, fail to make, keep, and preserve adequate and accurate records of their employees, and of the wages, hours, and other conditions and practices of employment as prescribed by the regulations issued and from time to time amended pursuant to Section 11(c) of the FLSA (29 C.F.R. Part 516). Defendants shall make such records available at all reasonable times to representatives of the Plaintiff.

    4. Defendants shall not, contrary to section 15(a)(3), in any way discriminate, retaliate or take any adverse employment action, or threaten or imply that adverse action will be taken, against any employee who exercises or asserts his or her rights under the FLSA (including without limitation, providing information to any public agency investigating compliance with the FLSA, filing any complaint or instituting or causing to be instituted any proceeding under or related to the FLSA, testifying or preparing to testify in any such proceeding, or serving or preparing to serve on an industry committee).

II.    Defendants are enjoined from withholding, and are ordered to pay to the Secretary, the total sum of $94,733.29 in back wages for unpaid minimum wage and overtime compensation and $94,733.29 in liquidated damages due under the Act and this Judgment to the individuals and in the amounts on the attached Exhibit A. Payment shall be made within 30 calendar days of the entry of this Judgment.

    1. Defendants will provide payment in the form of a cashier's check or other certified funds payable to "U.S. Department of Labor – Wage and Hour Division" with "BW/LD—Case ID Nos. 18486500 and 1852543" stated on the check. Payment shall be mailed to U.S. Department of Labor, Wage and Hour Division, 525 S. Griffin, Suite 800, Dallas, TX, 75202. Alternatively, Defendants may pay online by ACH transfer, credit card, debit card, or digital wallet by going to https://www.pay.gov/public/form/start/77705201 or by going to www.pay.gov and searching for "WHDBWSW". The back wage case numbers for this matter are 18486500 and 1852543.

    2. The Secretary, for back wages owed, will compute the tax deductions, consisting of federal income tax withholding and the employee's share of the social security (FICA) tax, provide

an itemization thereof, and distribute the monies to the employees or former employees identified on Exhibit A or their legal representatives as their interests may appear. Defendants are responsible for the employer's share of the FICA tax with regard to the back wages distributed by the Secretary.

3. Any sums that cannot be distributed to the employees or to their personal representatives, because of the inability of either the Secretary or Defendants to locate the proper persons or because of any person's refusal to accept payment, shall be deposited by the Secretary in a special deposit account to be paid to the rightful employee. If such sums are not claimed by the employee (or a personal representative of the employee) within three years, the Secretary shall deposit them into the United States Treasury as miscellaneous receipts.

III.   Neither Defendants nor anyone acting on their behalf shall directly or indirectly, demand, require or accept any of the back wages or liquidated damages paid under this Judgment. Defendants shall not threaten or imply that adverse action will be taken against any employee because of their receipt of funds to be paid under this Judgment.

IV.   Defendants shall pay a civil money penalty in the amount of $2,179.40 within 30 calendar days of the entry of this Judgment.

1. Defendants will provide payment in the form of a cashier's check or other certified funds payable to "U.S. Department of Labor – Wage and Hour Division" with "Civil Money Penalty—Case Nos. 50888 and 50892" stated on the check. Payment shall be mailed to U.S. Department of Labor, Wage and Hour Division, 525 S. Griffin, Suite 800, Dallas, TX, 75202. Alternatively, Defendants may pay online by ACH transfer, credit card, debit card, or digital wallet by going to https://www.pay.gov/public/form/start/77803930 or by going

to www.pay.gov and searching for "WHDCMPSW". The CMP case numbers for this matter are 50888 and 50892.

V.   Defendants shall display FLSA posters in English and in any other language spoken by the employees, in an area commonly accessed by employees.

VI.   Neither the commencement of this action nor the provisions of this Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees of Defendants not listed in Exhibit A of this Judgment, be they current or former employees, to file any action against Defendants under Section 16(b) of the Act or likewise for any current or former employee listed on Exhibit A of this Judgment to file any action against Defendants under Section 16(b) of the Act for any violations alleged to have occurred after September 6, 2018.

VII.   By entering into this Consent Judgment, except as expressly otherwise provided for herein, the U.S. Department of Labor does not waive its right to conduct future investigations of Defendants and to take appropriate enforcement action with respect to any past, present, or future violations disclosed by such investigations, including, but not limited to, assessment of civil money penalties.

VIII.   In the event Defendants fail to comply with this Judgment, the parties agree that the statute of limitations will be tolled dating back to April 26, 2018, and Plaintiff or individuals under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), will have the right to bring an action against Defendants for unpaid wages and liquidated damages.

IX.   This Court shall retain jurisdiction over this action and the parties hereto as may be necessary to enforce the provisions of the Judgment. Violation of any paragraph herein may subject Defendants to equitable and legal damages, including civil contempt.

X.      Each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding to date with no costs, including, but not limited to, any costs referenced under the Equal Access to Justice Act, as amended.

Dated this __20th__ day of August, 2019.

                                                                  _____
                                                                   NANCY D. FREUDENTHAL
                                                                   United States District Judge

Entry of the foregoing judgment and injunction is hereby consented to:

FOR THE SECRETARY OF LABOR:

KATE S. O'SCANNLAIN, Solicitor of Labor
CONNIE M. ACKERMANN, Acting Regional Solicitor
JOHN RAINWATER, Associate Regional Solicitor
LYDIA TZAGOLOFF, Counsel for Wage and Hour

*s/Summer Silversmith*
_____
SUMMER SILVERSMITH
Trial Attorney
U.S. DEPARTMENT OF LABOR

DATED: August 19, 2019

MARK A. KLAASSEN
United States Attorney

*s/Jeremy A. Gross*
_____
JEREMY A. GROSS
Assistant United States Attorney
U.S. DEPARTMENT OF JUSTICE

DATED: August 19, 2019

FOR THE DEFENDANT KANAV MOTELS LLC dba MOTEL 6 OF RIVERTON WY #4444:

_____
PARUL PATEL, GENERAL MANAGER

DATED: 8-16-19

FOR THE DEFENDANT KAVISH MOTELS INC. dba SUPER 8 MOTEL RIVINGTON WY:

_____
PARUL PATEL, GENERAL MANAGER

DATED: 8-16-19

FOR THE DEFENDANT PARUL PATEL:

_____
PARUL PATEL

DATED: 8-16-19

FOR THE DEFENDANT SUNIL PATEL:

_____
SUNIL PATEL

DATED: 8-16-2019

7

*[signature]*                                              DATED: August 16, 2019

JOHN A. MAVROS
Fisher & Phillips LLP
2050 Main Street, Suite 1000
Irvine, CA  92614
ATTORNEY FOR DEFENDANTS

# Exhibit A

| Employee Name | Minimum Wages Owed | Overtime Compensation Owed | Liquidated Damages | Total |
|---|---|---|---|---|
| Grace Bemus | $16,124.30 | $7,019.81 | $23,144.11 | $46,288.22 |
| Leanne Biggerstaff | $57,967.97 | $10,720.04 | $68,688.01 | $137,376.02 |
| Cassie Simmons | $1,967.73 | $933.44 | $2,901.17 | $5,802.34 |
| | | | | $189,466.58 |